IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Rodney Rose, | ) | Case No.: 1:24-cv-5439-JD-SVH |
| Petitioner, | ) | |
| vs. | ) | ORDER AND OPINION |
| Warden FCI Estill, | ) | |
| Respondent. | ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Shiva V. Hodges (DE 10), made under Local Civ. Rule 73.02(B)(2)(c) of the District of South Carolina, concerning the Magistrate Judge's initial review of Petitioner Rodney Rose's ("Petitioner" or "Rose") pleadings.[1] (DE 1.)

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary as a brief background.

At the time the Petition was filed, Petitioner was an inmate in the custody of the Bureau of Prisons (BOP) at the Federal Correctional Institute (FCI) in Estill, South Carolina. He alleges the Respondent Warden FCI Estill ("Respondent" or

---

[1]  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

"Warden") did not properly calculate his First Step Act time credits. (DE 1 at 6.) Petitioner asks this Court to direct the BOP "to apply my earned time credits, adjust my RRC accordingly". (*Id.*)

The Magistrate Judge ordered Petitioner to pay the $5 filing fee for a habeas corpus action or to complete and return the Form AO 240 (application to proceed in forma pauperis). (DE 4.) The order also warned Petitioner that failure to comply with the order may result in the dismissal of his case. Petitioner did not respond. On October 28, 2024, the Magistrate Judge issued a second order directing Petitioner to pay the $5 filing fee for a habeas corpus action or complete and return the Form AO 240. (DE 7.) Petitioner was advised that:

> If Petitioner does not provide the information below within the time permitted under this order, this case may be dismissed for failure to prosecute and comply with an order of this court under Rule 41 of the Fed. R. Civ. P.

(*Id.*) Petitioner did not respond to the Court's orders.

### B. Report and Recommendation

On November 22, 2024, the Magistrate Judge issued the Report recommending that Petitioner's case be dismissed without prejudice for failure to prosecute under Rule 41 Fed. R. Civ. P. The Report states:

> It is well established that a district court has authority to dismiss a case for failure to prosecute. The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. In addition to its inherent authority, this court may also sua sponte dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b).

(DE 10 at 2) (Internal citations and quotations omitted.) Petitioner did not object to the Report.

### C. Legal Standard

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### D. Conclusion

Since Petitioner has not objected, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 10) and incorporates it here by reference.

It is, therefore, **ORDERED** that Rose's Petition (DE 1) is dismissed without prejudice. It is also **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
April 11, 2025

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.